UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

```
FILED

00 DEC 19 PM 3:30

U.S. DISTRICT COURT
N.D. OF ALABAMA
```

STATE AUTO INSURANCE COMPANY,       )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )Civil Action No. 99-S-1615-NW
                                     )
CYRUS ADAMS, GRANVILLE CONWAY,       )
CAROLYN ODEM, DENNIS ODEM,           )
JOHN ODEM, JIM STANSELL,             )        ENTERED
NANCY TROUSDALE D/B/A NANCY'S        )
TOURS, DON TROWBRIDGE D/B/A          )        DEC 19 2000
TROWBRIDGE'S ICE CREAM AND           )
SANDWICH BAR, TEX TATUM,             )
                                     )
        Defendants.                  )

**MEMORANDUM OPINION**

This is an action in which the plaintiff insurance carrier

seeks a judgment pursuant to 28 U.S.C. § 2201,[1] declaring whether

it has a duty under a policy of insurance to defend or indemnify

its insureds against claims asserted in a state court proceeding.

Jurisdiction is predicated upon the parties' diversity of

citizenship and the requisite amount in controversy. 28 U.S.C. §

1332(a)(1). The action presently is before the court on

plaintiff's motion for summary judgment (doc. no. 11). Upon

---

[1]28 U.S.C. § 2201 provides in part:

    In a case of actual controversy within its jurisdiction, ...
any court of the United States, upon the filing of an appropriate
pleading, may declare the rights and other legal relations of any
interested party seeking such declaration, whether or not further
relief is or could be sought. Any such declaration shall have the
force and effect of a final judgment or decree and shall be
reviewable as such.



consideration of the motion, briefs, and evidentiary submissions of the parties, the court concludes the motion is due to be granted.

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of showing the court, by reference to materials on file, that no genuine issues of material fact exist to be decided at trial. *See generally id.*; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant discharges this burden by "showing" or "pointing out" to the

court there is an absence of evidence to support the non-movant's case. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*). Rule 56 permits the movant to discharge this burden with or without supporting affidavits. *See Celotex Corporation*, 477 U.S. at 324, 106 S.Ct. at 2553.

When the moving party has discharged its burden, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *See Jeffery*, 64 F.3d at 593. The nonmoving party must put forth more than a "mere 'scintilla'" of evidence; instead, "there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

In deciding whether the movant has met its burden, the court is obligated to draw all inferences from the evidence presented in the light most favorable to the non-movant and, also, to resolve all reasonable doubts in that party's favor. *See generally Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Inferences in favor of the non-movant are not unqualified, however. "Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Resolution Trust Corporation v. Dunmar Corporation*, 43 F.3d 587, 592 (11th Cir.

3

1995) (citation omitted).   Moreover, evidence that is merely

colorable, *see Brown v. City of Clewiston*, 848 F.2d 1534, 1537

(11th Cir. 1988), conclusory, *see Peppers v. Coates*, 887 F.2d 1493,

1498 (11th Cir. 1989), or conjectural, does not create a genuine

issue of material fact.

Thus, if a reasonable fact finder evaluating the evidence

could draw more than one inference from the facts, and if that

inference introduces a genuine issue of material fact, then the

court should not grant summary judgment. *See Augusta Iron & Steel

Works v. Employers Insurance of Wausau*, 835 F.2d 855, 856 (11th

Cir. 1988).   A "genuine" dispute about a material fact exists if

the "evidence is such that a reasonable jury could return a verdict

for the nonmoving party."   *Jeffery*, 64 F.3d at 594 (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986)).   The bottom line is "whether the

evidence presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail

as a matter of law."   *Anderson*, 477 U.S. at 251-52, 106 S.Ct. at

2512.

4

## II. FACTS

Plaintiff, State Auto Insurance Company ("State Auto"), is an Ohio corporation with its principal place of business in Columbus, Ohio.  State Auto issued a "Business Owner's" commercial liability insurance policy to Trowbridge Creamery, Inc. during 1998.  The term of the policy was one year, from January 15, 1998, through January 15, 1999.  The declarations page listed both Trowbridge Creamery, Inc. and Don Trowbridge as insureds.

### A.    The Underlying Action

The underlying state court action was filed in the Circuit Court of Lauderdale County, Alabama, on January 21, 1999.  It grew from a spurious investment scheme.  The plaintiffs — i.e., Cyrus Adams, Granville Conaway, Carolyn Odem, Dennis Odem, John Odem, Jim Stansell, and Tex Tatum, all of whom are also named as defendants to this action — are "investors" who claim they were defrauded of substantial sums of money by defendant Don Trowbridge and Nancy Trousdale, doing business as "Nancy's Tours."  The plaintiffs allege that, in June of 1998, Don Trowbridge began contacting potential investors and soliciting money in amounts of $5,000 or more.

> The Defendant Trowbridge informed each Plaintiff that he
> was soliciting money for Defendant Trousdale and a
> company known as "Travel International."  Said money was

5

> to be used by the Defendants to purchase tickets for cruise line ships, professional ballgames, casino construction, etc. Defendants promised attractive interest rates to each of the Plaintiffs.[2]

The potential investors attended numerous meetings with Don Trowbridge at "Trowbridge's Ice Cream and Sandwich Bar" on Court Street in Florence, Alabama. Trowbridge promised the potential investors that their money would be doubled and returned to them in a short period of time, ranging from thirty days to four months.

Several individuals thus "invested" substantial sums of money through Trowbridge and Trousdale: *e.g.,* Jim Stansell, $48,000; Granville Conaway, $12,500; Carolyn Odem, $10,000; Dennis Odem, $95,000; Cyrus Adams, $5,000; Tex Tatum, $23,000; and John Odem, $20,000.[3]

In late 1998, when the promised returns did not materialize, the investors demanded return of their money. Trowbridge and Trousdale dissembled, saying the Chicago business office of "Travel International" had burned and, consequently, there would be a sixty

---

[2]Plaintiff's brief in support of motion for summary judgment (doc. no. 12), Exhibit B (copy of complaint filed in CV 99-43, Circuit Court of Lauderdale County, Alabama) ¶ 4.

[3]Plaintiff's supplemental evidentiary submission (doc. no. 15), Exhibit G. These are neither all of, nor the principal "investors," but simply those persons who filed the underlying state court action. Others who lost money in the scheme include: Donald M. Pounders, $5,000; Wallace Gene Hardin, $20,000; Lulu Thompson, $19,000; Daniel L. McCoy, $5,000; Sarah and Roy J. Price, $810,000; Janice Butler, $41,000; James and Wanda Reeves, $513,000; Joyce Perry, $85,000; and James Perry, Jr., $702,000. *Id.*

day delay before funds could be returned to investors.  That event also never occurred.

The underlying state complaints[4] allege that Trowbridge should be held liable for the loss of the investors' money under theories of negligence, breach of contract, and various species of fraud. Don Trowbridge tendered defense of the action to State Auto.  This declaratory judgment proceeding followed.

## B.    The Insurance Policy

The State Auto insurance policy contains the following pertinent provisions.

> A.   COVERAGES
>
> > 1.    Business Liability
> >
> > a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result....[5]
> >
> > ....
>
> C.   WHO IS AN INSURED
>
> > 1.    If you are designated in the Declarations as:

---

[4]The original complaint was twice amended:  *see* plaintiff's brief in support of motion for summary judgment (doc. no. 12) ¶¶ 4-7, and Exhibits B, C, & D.

[5]*Id.*, Exhibit A ("Businessowners Liability Coverage Form"), at page 1 of 12.

a.  <u>An individual</u>, you and your spouse are insureds, <u>but only with respect to the conduct of a business of which you are the sole owner</u>.

b.  A partnership or joint venture, you are an insured.  Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

c.  An organization other than a partnership or joint venture, you are an insured.  Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.[6]

After Trowbridge tendered defense of the state action to State Auto, Anita F. Hornsby, a Senior Claims Representative, reviewed the pleadings filed in the state action and issued a reservation of rights letter on February 9, 1999.  She first questioned whether the allegations of the complaint met the policy definitions for an "occurrence,"[7] "bodily injury,"[8] "property damage,"[9] "personal

---

[6]*Id.* at 4 (emphasis supplied).

[7]"'Occurrence' means and accident, including continuous or repeated exposure to substantially the same general harmful conditions."  *Id.* at 9.

[8]"'Bodily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."  *Id.*

[9]"Property damage" means:

a.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically

injury,"[10] or "advertising injury."[11]  Ms. Hornsby also asserted the

injuries alleged in the complaint were excluded from coverage by

the "intentional acts" provisions.[12]  Third, Ms. Hornsby questioned

---

injured.  All such loss of use shall be deemed to occur
at the time of the "occurrence" that caused it.

*Id.* at 12.

[10]"Personal injury" means injury other than "bodily injury", arising out
of one or more of the following offenses:

    a.     False arrest, detention, or imprisonment;

    b.     Malicious prosecution;

    c.     The wrongful eviction from, wrongful entry into, or
        invasion of the right of private occupancy of a room,
        dwelling or premises that a person occupies by or on
        behalf of its owner, landlord or lessor;

    d.     Oral or written publication of material that slanders or
        libels a person or organization or disparages a person's
        or organization's goods, products or services; or

    e.     Oral or written publication of material that violates a
        person's right of privacy.

*Id.* at 11.

[11]"Advertising injury" means injury arising out of one or more of the
following offenses:

    a.     Oral or written publication of material that slanders of
        libels a person or organization or disparages a person's
        or organization's goods, products or services;

    b.     Oral or written publication of material that violates a
        person's right of privacy;

    c.     Misappropriation of advertising ideas or style of doing
        business; or

    d.     Infringement of copyright, title or slogan.

*Id.* at 9.

[12]This insurance does not apply to:

    a.     "Bodily injury" or "property damage" expected or

whether Don Trowbridge met the policy's definition of an "insured" by engaging in a joint venture with Nancy Trousdale, d/b/a "Nancy's Tours."[13] "Most importantly," however, she informed Trowbridge that State Auto "<u>will</u> <u>not</u> <u>provide</u> <u>a</u> <u>defense</u> for you, regarding this lawsuit, at this time."[14]

### III. DISCUSSION

This is a diversity action. Thus, this court must apply the substantive law of the State of Alabama. *See generally Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Alabama standards for determining whether an insurance company must defend or indemnify an insured under a

---

intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b.   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or a agreement. This exclusion does not apply to liability for damages:

(1)   Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

(2)   That the insured would have the absence of the contract or agreement.

*Id.* at 2.

[13]*See supra* text accompanying note 5.

[14]Plaintiff's Brief in Support of its Motion for Summary Judgment (doc. no. 12), Ex. E (emphasis in original).

10

commercial liability insurance policy are reflected in *American States Insurance Company v. Martin*, 662 So.2d 245 (Ala. 1995). "An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint about what gave rise to the cause of action against the insured." *Id.* at 247. When the policy language is ambiguous,

> [t]he contract shall be construed liberally in favor of the insured and strictly against the insurer. Exclusions are to be interpreted as narrowly as possible, so as to provide maximum coverage for the insured, and are to be construed most strongly against the insurance company that drafted and issued the policy.

*Id.* On the other hand, "insurance contracts, like other contracts, are construed to give effect to the intention of the parties thereto, and when the intention is clear and unambiguous, the policy must be enforced as written." *State Farm Mutual Automobile Insurance Company v. Lewis*, 514 So.2d 863, 865 (Ala. 1987). Furthermore, "in determining the intention of the parties, the court must examine more than an isolated sentence or term; it must read each phrase in the context of all other provisions, in order to arrive at the true intent of the parties." *Id.*

State Auto contends it has no duty to defend or indemnify Don Trowbridge, because the allegations in the complaint do not pertain to the conduct of a business of which he is the sole owner. State

11

Auto also contends that it has no duty to defend or indemnify Trowbridge Creamery, Inc., because the allegations in the complaint pertain neither to the business of corporate entity, nor to Don Trowbridge's duties as an officer or a director of the insured corporate entity.  This court agrees with both contentions.

First, Don Trowbridge has failed to prove that he is an insured with regard to the claims asserted in the underlying action.  The policy only provides liability coverage for an individual "with respect to the conduct of a business of which [he is] the sole owner."[15]  None of the claims in the underlying action arise out of the conduct of a business of which Trowbridge was sole owner.  Rather, the claims arise out of Trowbridge's actions in connection with (and as agent for) Nancy Trousdale, doing business as "Nancy's Tours," and, a Chicago, Illinois company known as "Travel International."  Accordingly, he is not an insured in the capacity in which he is being sued.

Secondly, State Auto owes no duty to Don Trowbridge as an officer, director, or stockholder of Trowbridge's Creamery, Inc., because the allegations of the underlying action do not pertain to the business of that corporate entity.

---

[15]Plaintiff's Evidentiary Submissions (doc. no. 15), Ex. A., Businessowners Liability Coverage Form at 7.

Similarly, Trowbridge's Creamery, Inc. has failed to prove that it is entitled to either a defense or indemnification under the State Auto liability insurance policy.   The claims in the underlying action are not asserted against Trowbridge's Creamery, Inc.   The claims bear no relationship to the business of that corporate entity, or the trade name under which it conducted business:   *i.e.*, "Trowbridge's Ice Cream and Sandwich Bar."

Trowbridge offers two cases to support his contention that State Auto should, nevertheless, defend or identify him:   *Perkins v. Hartford Insurance Company*, 932 F.2d 1392 (11th Cir. 1991); and *Townsend Ford v. Auto-Owners Insurance Company*, 656 So.2d 360 (Ala. 1995).   Both decisions are distinguishable, however.

The *Perkins* court found an insurer had a duty to investigate a claim by a business owner, who was insured under a policy with language similar to the State Auto policy, because the underlying claims involved a possible inference of negligence.   932 F.2d at 1396.   The business owner in *Perkins* was a print-maker who was involved in a legal dispute when some prints discarded by his shop were removed from his trash and distributed without the artist's consent.   *Id.*   Thus, there was a relationship between the business owner's alleged negligence and the business that was insured.   *Id.*

13

In contrast, the allegations pertaining to Don Trowbridge's conduct in connection with investments in Nancy's Tours or Travel International do not even conceivably relate to the business of "Trowbridge's Ice Cream and Sandwich Bar."

*Townsend Ford* is likewise inapposite. The insured there was an automobile dealership. 656 So.2d at 361. The dealership claimed that Auto-Owners Insurance Company had a duty to defend or indemnify two salesperson who allegedly made negligent misrepresentations. *Id.* at 362. Again, the claims in *Townsend Ford* related to the business of the insured; those in the underlying state court action do not.

**CONCLUSION**

For the foregoing reasons, this court finds State Auto Insurance Company does not have a duty to defend or indemnify either Don Trowbridge or Trowbridge Creamery, Inc. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this the 19ᵗʰ day of December, 2000.

United States District Judge